UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aditya Raj Sharma, | Case No. 24-CV-2619 (JWB/DJF) |
| Petitioner, | |
| v. | ORDER |
| Billy Eischen, Warden, FPC Duluth, | |
| Respondent. | |

Petitioner Aditya Raj Sharma is a federal prisoner currently being detained at the Federal Prison Camp in Duluth, Minnesota. Mr. Sharma has filed a petition for a writ of habeas corpus claiming that, having earned time credits under the First Step Act of 2018, he is entitled to immediate transfer to prerelease custody. Mr. Sharma's is one of many habeas petitions filed in this District raising the same claim. To date, those habeas petitions have routinely been rejected on the grounds that the Court lacks jurisdiction over a challenge to the conditions of a prisoner's confinement when that challenge is raised in a habeas petition. *See, e.g.*, *Gallop v. Segal*, No. 24-CV-1357 (JWB/DTS), 2024 WL 2946249, at *2 (D. Minn. May 14, 2024); *Wessels v. Houden*, No. 23-CV-1266 (WMW/ECW), 2023 WL 7169154, at *1 (D. Minn. June 22, 2023) (recommending denial of habeas petition seeking an immediate transfer to prerelease custody under the First Step Act because "[t]he Court has no habeas jurisdiction in this matter because the only relief that Wessels seeks is a transfer to prerelease custody."); *Mack v. Segal*, No. 23-CV-1353 (NEB/DLM), 2023 WL 4564377, at *2 (D. Minn. June 2, 2023); *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *2 (D. Minn. Aug. 5, 2022).

Nevertheless, Respondent will be ordered to show cause why the habeas petition should not be granted in this matter. In responding to the habeas petition, Respondent is directed to answer the following questions:

1. Although the District of Minnesota has consistently denied habeas petitions like the petition brought by Mr. Sharma on jurisdictional grounds, there is a growing body of caselaw from jurisdictions outside the Eighth Circuit granting habeas relief in similar circumstances. The federal government, for its part, has not consistently invoked a jurisdictional defense to these claims when asked to respond to the habeas petitions. *See, e.g.*, *Smith v. Eischen*, No. 23-CV-2866 (JMB/ECW), ECF No. 10 (D. Minn. Jan. 9, 2024). Does Respondent believe that a challenge to a decision by the Federal Bureau of Prisons not to place a prisoner on prerelease custody may, in fact, be raised in a habeas petition?

2. If Mr. Sharma may present his claim through a habeas petition—that is, if there is not a jurisdictional barrier to the claim raised by Mr. Sharma in this proceeding—is Mr. Sharma entitled to relief on the merits?

3. If Mr. Sharma or another prisoner claiming that they are entitled to placement on prerelease custody may not raise that claim through a habeas petition, is there any non-habeas procedural vehicle through which such a claim could be presented to the federal courts? For example, may such a claim be raised in an action seeking relief under the Administrative Procedure Act or directly under 18 U.S.C. § 3632?

4. Does the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), affect in any way the answers provided to questions 1-3?

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Respondent is directed to file an answer to the petition for a writ of habeas corpus of Aditya Raj Sharma by **August 12, 2024** certifying the true cause and proper duration of Mr. Sharma's confinement and showing cause why the writ should not be granted in this case.

2. Respondent's answer should include:

      a.      Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Mr. Sharma's detention in light of the issues raised in the habeas petition and the questions presented above;

      b.      A reasoned memorandum of law and fact explaining respondent's legal position on Mr. Sharma's claims; and

      c.      Respondent's recommendation on whether an evidentiary hearing should be conducted.

3. If Mr. Sharma intends to file a reply to respondent's answer, Mr. Sharma must do so by **August 26, 2024**. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

4. Mr. Sharma's motion for an urgent scheduling order and for an expedited hearing (ECF No. [9]) is **GRANTED IN PART** and **DENIED IN PART**. The briefing schedule in this matter has been accelerated, though not to the extent request by Mr. Sharma. The Court will determine whether to conduct a hearing in this matter after briefing is completed.

Dated: July 29, 2024

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge